**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBRA MATLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-15194 |
| | ) | Hon. Franklin Valderrama |
| UNIVERSITY OF ILLINOIS CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
COUNTS I, III, IV, VI, VII, AND IX OF PLAINTIFF'S COMPLAINT**

Defendant, the Board of Trustees of the University of Illinois, incorrectly identified as the University of Illinois Chicago (the "University"),[1] moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, III, IV, VI, VII, and IX of Plaintiff, Debra Matlock's ("Plaintiff"), Complaint. The University states the following in support:

**INTRODUCTION**

Plaintiff filed the instant Complaint alleging hostile work environment, race discrimination, and retaliation, each pursuant to 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff's hostile work environment claims (Counts I, IV, and VII), and retaliation claims (Counts III, VI, and IX) must be dismissed for several reasons.

***First***, as for Plaintiff's hostile work environment claims (Counts I, IV, and VII), Plaintiff alleges that: (1) when she was reprimanded for boorish office behavior toward her colleagues in 2020, her supervisor told her to "tone down" her "aggressive behavior," which Plaintiff

---

[1] The University of Illinois Chicago ("UIC") is one of three universities of the University of Illinois, that is governed by the Board of Trustees of the University of Illinois.

subjectively viewed as a knock against Black women [Compl., ¶25]; and (2) the University pressured her to take early retirement [*id.*, ¶38]. These Counts are insufficiently pled because one isolated comment in Plaintiff's ten years of continuous employment that is (at best) subjectively offensive, and the allegation that she was pressured to retire are not sufficiently "severe and pervasive" harassment to have altered any condition of employment and created an abusive working environment. Moreover, the 2020 comment cannot be considered as supporting the Title VII and ADEA claims because it (allegedly) occurred well before 300 days prior to the filing of her EEOC charge.

*Second*, as for Plaintiff's retaliation claims (Counts III, VI, and IX), Plaintiff alleges that after complaining of alleged bias, at latest in March 2022, the University failed to "provide a remedy" to her claimed disparate treatment, including that her salary has not risen commensurately with an employee that she (incorrectly) deems as comparable [*id.*, ¶¶46-48]. These Counts are also insufficiently pled because Plaintiff never identifies any materially adverse action allegedly taken *after* she claims to have complained of bias. Rather, Plaintiff's generic allegations, at most, relate to the same conduct alleged to have occurred *before* she complained. Further, those insufficient allegations are again time-barred as to the Title VII and ADEA retaliation claims because the purported conduct is beyond the 300-day window prior to Plaintiff filing her EEOC charge.

For these reasons, as set forth more fully below, Counts I, III, IV, VI, VII, and IX should be dismissed.

**ARGUMENT**

**I.      Legal Standard For Rule 12(b)(6) Motions To Dismiss.**

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court abrogated the pleading standards set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), long relied upon by plaintiffs to avoid dismissal. It admonished that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint containing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," does not state a cognizable claim for relief. *Iqbal*, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, internal citations omitted). As set out by the Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. (internal citations omitted).

Under *Twombly* and *Iqbal*, the district court first identifies those allegations that are nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Those allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 129 S. Ct. at 1950. The court then assesses the "nub" of the plaintiff's complaint – the well-pleaded, nonconclusory factual allegations – to determine whether it states a plausible claim for relief. *Id.*; *Twombly*, 550 U.S. at 565.

**II.      Plaintiff Fails To State Hostile Work Environment Claims (Counts I, IV, VII).**

A "hostile work environment is one in which the harassment is sufficiently 'severe or pervasive to alter the conditions of employment and create an abusive working environment.'" *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 U.S. Dist. LEXIS 82341 *12-13 (N.D. Ill. July 26, 2011) (*citing Ezell v. Potter*, 4044 F.3d 1041, 1047 (7th Cir. 2005)). "The working environment must be subjectively and objectively offensive to survive a claim for hostile work environment. An objectively offensive workplace is one in which a reasonable person would find it hostile or abusive. A subjectively offensive workplace is one in which the victim perceives the environment to be abusive." *Id.* at *13 (int. cit. omitted). "The Court looks at all of the circumstances in determining whether the work environment is hostile. Those circumstances 'may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or  mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (int. cit. omitted).[2]

In *Triplett*, the plaintiff filed Title VII and Section 1981 claims, including for hostile work environment. *Id.* at *1. The hostile work claim was based on one racially insensitive comment, a company policy regulating behavior, and "two racially based disciplinary actions, where she was disciplined more severely than similarly situated white employees." *Id.* at *13-14. Granting a motion to dismiss, this Court held that "[a]lthough each of these incidents may be evidence of discrimination in the workplace, they do not constitute harassment so severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id.* at *14 (int. cit. omitted). In particular, "[a]lthough the comment may have been insensitive and

---

[2]      *Gaston v. Bd. of Educ.*, 17 C 1024, 2017 U.S. Dist. Lexis 119481, *4 (N.D. Ill. July 31, 2017) ("Due to substantive similarities, when examining ADEA claims for discrimination and hostile work environment, courts frequently look to the law interpreting similar claims under Title VII.")

inappropriate for the workplace, a mere offensive utterance does not raise the level of harassment to severe or pervasive," *id.*, and mere allegations of disparate treatment from white employees is not sufficient for a hostile work environment claim. *Id.*, *18.

Here, similarly, Plaintiff's complaint of a purported isolated comment about her needing to have a less "aggressive demeanor" toward co-workers – which cannot even be said to be objectively offensive – coupled with alleged pressure to retire, cannot be deemed to be severe and pervasive altering of a term or condition of employment and creating an abusive working environment. *See Simon v. Efie's Canteen*, No. 17 C 3229, 2018 U.S. Dist. LEXIS 85602, *9-11 (N.D. Ill. May 22, 2018) (dismissing Title VII and Section 1981 hostile work environment claims where allegations of less favorable treatment and extra scrutiny failed to satisfy pleading standard); *Peppers v. Benedictine Univ.*, No. 2017 U.S. Dist. LEXIS 203938, *10-11 (N.D. Ill. Dec. 12, 2017) (dismissing Title VII and Section 1981 claims; "[W]hile the Court has no reason to doubt that the incidents complained of were subjectively offensive to Plaintiff, objectively they are not enough to demonstrate a hostile work environment."); *James v. Get Fresh Produce, Inc.*, No. 18 C 4788, 2018 U.S. Dist. LEXIS 201368, *19-20 (N.D. Ill. Nov. 28, 2018) ("hostile environment is one that is permeated with discriminatory intimidation, ridicule and insult" and conduct complained of, including denial of benefits, "falls short of the kind of conduct that might support a hostile work environment."); *Haymon v. Metra*, No. 18 C 848, 2020 U.S. Dist. LEXIS 56624, *31 (N.D. Ill. Mar. 31, 2020) (dismissing hostile work environment claims where plaintiff did "not plausibly allege the requisite level of severity or pervasiveness"); *Peaster v. McDonald's Corp.*, No. 22 cv 7037, 2023 U.S. Dist. LEXIS 146736, *18-19 (N.D. Ill. Aug. 22, 2023) (subtle undermining of position did not "allege kind of overt hostility present in viable hostile work environment claims").

This is particularly true as Plaintiff has been employed since 2014 [Compl., ¶7]. Thus, the frequency and severity of the alleged actions are a miniscule fraction of Plaintiff's decade's-long employment. *See, e.g., Whitlow v. Bradley Univ.*, NO. 16-cv-01223, 2017 U.S. Dist. LEXIS 130595, *23 (C.D. Ill. Aug. 15, 2017) (plaintiff "has not alleged facts to support beyond speculation that the harassment was pervasive. [] Allegations of two comments over the course of four months is not sufficient to support an allegation of pervasive harassment…."); *Peppers*, *supra.* ("Plaintiff offers only a relatively short list of hostile occurrences over several years of employment").

Plaintiff filed her EEOC charge on June 13, 2023. [Compl., ¶13]. Accordingly, as for her Title VII and ADEA claims, she can only bring claims relating to alleged violations that occurred within the prior 300 days (on or after August 18, 2022). *See Novotny v. Plexus Corp.*, No. 13-cv-05881, 2017 U.S. Dist. LEXIS 42535, *12 (N.D. Ill. Mar. 23, 2017) ("Any alleged discriminatory act occurring more than 300 days prior to the filing of an EEOC charge is not actionable.") Thus, the June 29, 2020 letter, containing the "aggressive" labeling (though insufficient), cannot even be considered to support Plaintiff's Title VII and ADEA hostile work claims.

For these reasons, the Court should dismiss Counts I, IV, and VII.

### III. Plaintiff Fails To State Retaliation Claims (Counts III, VI, IX).

To state a claim for Title VII retaliation, a plaintiff must allege that she "engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Shankle v. Vill. of Melrose Park*, No. 16 C 2582, 2018 U.S. Dist. LEXIS 22713, *8 (N.D. Ill. Feb. 12, 2018). The elements for Section 1981 and ADEA retaliation are identical. *Herrera v. Di Meo Bros.*, 529 F. Supp. 3d 819, 831 (N.D. Ill. 2021) ("To state a claim for Section 1981

retaliation, Plaintiff must plead: (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two."); *Barton v. Zimmer, Inc.*, 662 F.3d 448, 455 (7th Cir. 2011) (same for ADEA).

In *Reid v. Chi. Hous. Auth.*, No. 12 C 01975, 2014 U.S. Dist. LEXIS 93629 (N.D. Ill. July 10, 2014), the plaintiff alleged that she was not hired for positions based on her race and gender, and that when she complained of the discriminatory conduct, they retaliated against her by continuing to not hire her. *Id.* at *2. Dismissing the retaliation count, this Court relied on, in part, that the plaintiff had not alleged any materially adverse action by the employer in response to the complaints. *Id.* at *14-15.

Similarly, here, Plaintiff's retaliation counts allege in conclusory fashion that she was "retaliated against," without specifying how. [Compl., ¶¶63, 80, 97]. Earlier in the Complaint, under a heading of "retaliation," Plaintiff asserts that she complained of alleged discriminatory conduct on June 17, 2021, August 18, 2021, and on March 20, 2022 [*id.*, ¶46]. Plaintiff alleges in conclusory fashion that after doing so, the University "failed to provide a remedy and continues to engage in illegal and discriminatory conduct" [*id.*, ¶47]. Plaintiff then asserts that the University "has failed to increase" her salary "commensurate with her experience." [*Id.*, ¶48]. Plaintiff's allegation will be proven untrue. Regardless, that allegation is the very same allegation that Plaintiff asserts that the University failed to do beginning on January 15, 2021 [*id.*, ¶¶30-31] – **before** she allegedly complained. Thus, like *Reid,* Plaintiff has failed to allege any material adverse action **in response to** her complaints other than conclusory statements. *See Shankle v. Vill. of Melrose Park*, No. 16 C 2582, 2018 U.S. Dist. LEXIS 22713, *8-9 (N.D. Ill. Feb. 12, 2018) (conclusory statement of alleged retaliation is insufficient to survive a motion to dismiss).

Plaintiff fails to plead any viable allegations of retaliation responsive to any purported complaint. Moreover, the University's alleged failure to "provide a remedy" and increase Plaintiff's salary – even if considered new actions in response to the March 20, 2022 complaint – also fall outside of the 300-day window prior to the filing of her EEOC charge [Compl., ¶13]. By any measure, Plaintiff's Title VII and ADEA retaliation claims are time-barred. *Novotny*, 2017 U.S. Dist. LEXIS 42535, *12, *supra.*

For these reasons, the Court should dismiss Counts III, VI, and IX.

## CONCLUSION

WHEREFORE, as Plaintiff has failed to plead viable causes of action for hostile work environment or retaliation under Section 1981, Title VII, and/or the ADEA, including that some of her allegations are time-barred, the University respectfully requests that this Court dismiss Counts I, III, IV, VI, VII and IX of Plaintiff's Complaint, with prejudice, and provide such other and further relief as this Court deems just.

Dated: December 21, 2023

**Board of Trustees of the University of Illinois, Defendant**.

By: /s/ Alexander D. Marks
                One of its Attorneys

Nicholas A. Gowen (ngowen@burkelaw.com)
Alexander D. Marks (amarks@burkelaw.com)
Jolisa J. Warmack (jwarmack@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611
312-840-7000 / 312-840-7900 (facsimile)
4874-0324-5198

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, states that on December 21, 2023, he caused a copy of the foregoing Defendant Rule 12(b)(6) Motion to Dismiss Counts I, III, IV, VI, VII and IX of Plaintiff's Complaint to be filed electronically with the Clerk of the Northern District of Illinois, Eastern Division, and served electronically through the e-filing system.

/s Alexander D. Marks